# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN BURKE, | CASE NO.   1:11-cv-912-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND |
| | (ECF No. 1) |
| v. | AMENDED COMPLAINT DUE WITHIN |
| A. ENENOH, et al., | THIRTY DAYS |
| Defendants. | |
| _____/ | |

## **SCREENING ORDER**

Plaintiff Ken Burke ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to jurisdiction by the Magistrate Judge.  (ECF No 7.)

Plaintiff initiated this action on June 7, 2011.  (Compl., ECF No. 1.)  No other parties have appeared in the action.  Plaintiff's Complaint is now before the Court for screening.

///

///

## I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

///

///

///

-2-

## II.   **SUMMARY OF COMPLAINT**

Plaintiff is a prisoner currently housed at California Institution for Men.  Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility - Corcoran ("CSATF"), where all of the incidents underlying this action occurred.  Plaintiff primarily alleges that his right to adequate medical care under the Eighth Amendment has been violated.  He names the following parties as Defendants: 1) A. Enenoh, Chief Medical Officer ("CMO") at CSATF, and 2) CSATF's Pharmacy and Health Care System.

Plaintiff seeks a declaratory judgment, a trial, injunctive relief, punitive damages, compensatory damages, nominal damages, payment for the cost of the lawsuit, and any further relief justice may require.

Plaintiff alleges as follows:

Defendants provided Plaintiff with a potentially dangerous overdose of coumadin (warfarin), a blood thinner and anti-coagulant. (Compl. at 3.) His doctor increased his daily warfarin dosage, and instead of replacing his old prescription for the new, the medical staff dispensed both prescriptions and gave Plaintiff two daily doses of warfarin.  (Id. at 5-6.) The incorrect dosage stopped only when Plaintiff realized the error and refused to take the extra warfarin.  (Id. at 4.)   Plaintiff was given too much warfarin for a week from approximately August 3 to August 10, 2010. (Compl. at 4.) Despite the overdose, Plaintiff was not tested for internal bleeding or to determine if his warfarin levels were outside of the proper range. (Id.) Plaintiff is supposed to have a blood draw taken every month, but often has to remind the prison medical staff to do this. (Id. at 5.)

Plaintiff submitted a 602 appeal regarding this overdose. (Compl. at 3.) At the first level of review, R. Martinez, RN found that Plaintiff only received a single dose of warfarin,

consisting of the correct 2.5 mg of warfarin that he had been prescribed.  (Id. at 5.)

Plaintiff filed a second level appeal.  (Compl. at 6.)  In this appeal, he asked to be transferred to California Medical Facility in Vacaville to receive the proper treatment.  (Id.)  In response to Plaintiff's second level appeal, Defendant Enenoh found that the initial response to Plaintiff's appeal was incorrect.  (Id.)  Apparently Plaintiff's prescription had been changed, and instead of 2.5 mg of warfarin, Plaintiff received the correct 3.0 mg of warfarin during the time period at issue.  (Id. at 6-7.)

Plaintiff filed a request for director's level review.  (Compl. at 7.)  In his request, Plaintiff stated that he was not assured that he had not been given an overdose of warfarin.  (Id.)  Plaintiff said he was given two different warfarin tablets during the time period in question, and he was concerned because incorrect doses can be fatal.  (Id. at 8.)

Plaintiff has evidence that he was given the incorrect dosage of warfarin: First, Plaintiff has a "MAR" dated August 3, 2010, which states "wrong dosage" next to where "warfarin sodium 3.0 mg" is written.  (Compl. at 7.)  Second, after Plaintiff was given an excessive warfarin, he was found to have higher INR levels than normal.  (Id. at 8.)  In a lab report dated July 28, 2010, Plaintiff's INR level was 1.45 (with a normal range falling between 2.0-3.0).[1]  (Id.)  On August 25, 2010, two weeks after Plaintiff believes he was given the overdose, Plaintiff was found to have an INR level of 3.39.  (Id.)  This suggests that the stop order for over-prescribing warfarin was not processed and he was given double warfarin daily for a week.  (Id. at 8-9.)  Third, Plaintiff believes, which he based on notations on a document with patient dispense date information, that there was a cover-up

---

[1] Plaintiff appears to be referring to a test done to measure the extrinsic pathway of coagulation. Plaintiff should further explain the purpose of this test in his amended complaint, if he chooses to file one.

of the dosage error.  (Id. at 9-10.)

## III.   ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### A.    Claims Against Defendant CSATF's Pharmacy and Health Care System

Plaintiff alleges that Defendant CSATF's Pharmacy and Health Care System violated his Eighth Amendment right to adequate medical care.

However, the Eleventh Amendment prohibits suits against state agencies.  See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Defendant the California Department of Corrections is a state agency, and CSATF is operated by the California

Department of Corrections, and CSATF's Pharmacy and Health Care System is operated by CSATF.  Therefore, CSATF's Pharmacy and Health Care System is a state agency. As a state agency, is entitled to Eleventh Amendment immunity from suit.  Because this Defendant is immune from suit, Plaintiff cannot recover from it.  If Plaintiff chooses to file an amended complaint, he should omit CSATF's Pharmacy and Health Care System as a Defendant.

### B.    Eighth Amendment Inadequate Medical Care Claim

Plaintiff alleges that he suffered  inadequate medical care because he was given an overdose of warfarin which could have been detrimental to his health.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106  (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this

standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not sufficiently pled a serious medical condition.  He has alleged that he was exposed to what could have been a dangerous overdose of warfarin as a result of lack of oversight by CSATF's medical system.  He does not, however, identify any serious medical condition that actually arose from the increased dosage.   The Court is aware that warfarin is a potent drug which can cause serious and harmful external or internal bleeding if given in excess.  However, while Plaintiff has identified awareness of the risk of possible harm, he has not identified any harm actually suffered by him.  If he chooses to amend, Plaintiff must explain how the exposure created a serious medical condition.

Plaintiff also has not sufficiently pled the second element of a claim for inadequate medical care.  Plaintiff, thus far, has only alleged that certain unnamed individuals in CSATF's medical department were at most negligent by providing Plaintiff with more warfarin than he needed.  To show deliberate indifference, Plaintiff must allege facts showing some purposeful act or intentional failure to respond to a medical need.  It is not enough simply to allege that there was some kind of mistake made, or even that a medical professional performed incorrectly, incompetently or committed medical malpractice. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Even gross negligence is insufficient to establish

deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff has failed to state claim for inadequate medical care under the Eighth Amendment, and will be given leave to amend this claim.  In his amended complaint, Plaintiff must properly allege facts showing that he had a serious medical condition and if and how any individual acted in a way that demonstrates deliberate indifference.

### C.   Personal Participation and Supervisory Liability

As currently plead, Defendant Enenoh's conduct does not appear to be unconstitutional.  Plaintiff would like this Defendant to be held liable because he was a the Chief Medical Officer at CSATF.

However, under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights.  Plaintiff shall be given the opportunity to file an

amended complaint curing the deficiencies in this respect.  In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights.

## IV.    CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.   The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

-9-

2.      Plaintiff's complaint, filed June 7, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   ___January 31, 2012___        _____/s/ *Michael J. Seng*_____
ci4d6                                   UNITED STATES MAGISTRATE JUDGE