1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KEN BURKE,

               Plaintiff,

   v.

A. ENENOH, et al.

               Defendants.

_____/

CASE NO. 1:11-cv-912-MJS (PC)

ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM

(ECF No. 9)

PLAINTIFF MUST FILE AMENDED COMPLAINT BY APRIL 3, 2012

Plaintiff Ken Burke ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

The Court screened Plaintiff's Complaint on January 31, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before March 5, 2012.  (ECF No. 9.)  March 5, 2012 has passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's January 31, 2012, Order.  He will be given one more opportunity, until **April 3, 2012**, **and no later**, to file an amended complaint or show cause why his case should not be dismissed for failure to comply with a Court order and failure to state a claim.  **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   March 19, 2012          /s/ *Michael J. Seng*
                          UNITED STATES MAGISTRATE JUDGE